ORIGINAL

ALVARO BRAVO
1718 N. LAS PALMAS AVE., UNIT 225
LOS ANGELES, CA 90028
(510) 563-7181
No Fax
No Email
In Pro Per



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB 20 2024

CENTRAL DISTRICT OF CALIFORNIA
BY ⟋⟋⟋ DEPUTY

IFP Submitted

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

1718 LAS PALMAS, LLC, d/b/a ARCHER APARTMENTS

    PLAINTIFF,

VS.

BIANCA M. SMITH AND DOES 1 TO 10

    DEFENDANT,

Case No.: 2:24-cv-01369-SPG-(SK)

**NOTICE OF REMOVAL UNDER [28 USC 1332, 1391, 1441, 1446 (6)] Calif. CCP 430.90]**

From The SUPERIOR COURT OF CALIFORNIA
Case No. 23STUD10885

By Fax

Defendants allege:

**PARTIES AND COUNSEL**

1. Defendant, ALVARO BRAVO is a party in a California State Court filed in LOS ANGELES County Superior Court, concerning real property located at 1718 N. LAS PALMAS AVE., UNIT 225, LOS ANGELES, CA 90028 [hereafter "premises"], within this court's jurisdiction.

2. Defendant, former owner of the premises, and participants in this litigation.

COMPLAINT REMOVING TO FEDERAL COURT- 1

3. Whereas this action was filed in California State Court only against the former owner of the premises, Defendant is a bona fide tenant under the "Protecting Tenants at Foreclosure Act"

4. Plaintiff is represented by Counsel in the State Court action as follows:

>JASON CHA [SBN 119626]
>3470 WILSHIRE BLVD., SUITE 700
>LOS ANGELES, CA 90010
>(213) 232-1637

**Federal Question**

5. Plaintiff has actually filed a Federal Question action in State Court, for which the State Court Action is removed under 28 U.S.C. 1441 et seq. and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009); 28 U.S.C. 1331.

6. New federal legislation effective May 21, 2009, as amended in July, 2010, as Public Law 111-203, the "Protecting Tenants at Foreclosure Act 2009," 12 U.S.C. 5220, note [hereafter "PFTA" preempted State Law as to bona fide Residential tenants of foreclosed Landlords [*Florida Lime & Growers, Inc v. Paul*, 373 U.S. 132, 142-43 (1963) (concept of limited preemption)]

   a. Whereas under California Law, a foreclosure automatically terminated any junior agreements [*Bank of America V. Hirsch Merc. Co.* (1944) 64 Cal App 2d 175, 182], Section 702(a)(2) of the PTFA makes the purchaser at the foreclosure sale subject to the rights of the existing bonafide tenants. The tenancy is protected by federal law.

   b. Whereas under California, a foreclosure eviction may be filed as to any such tenant on more 60 days' notice of

termination [California Civil Procedures Code 1161a, 1161b], the PFTA requires that a full 90 days ' notice be given [PTFA 701(a)(a)]

c. Whereas under California Law, the notice of termination can be given at any time after the foreclosure purchaser has title [California Civil Procedures Code 1161a], under the PFTA the 90-day notice can ONLY be given when the tenancy is a month-to-month OR if the tenancy is a lease where the buyer who will move into the premises as their primary residence. [PFTA 701(a) (2)]

d. It is unlawful to evict a bona fide residential tenant of a foreclosed landlord under Federal Law.

7. The complaint in this action was filed in State Court as artful pleading, entitled by the Superior Court of California as Unlawful Detainer, pleadings intentionally fails to allege compliance with the PTFA, serving only a 3 day notice to quit. Thus, in order to evict a bona fide residential tenant of a foreclosed Landlord, Plaintiff was required to state a cause of action under the PTFA, but sought to avoid those protections by filing this action as an "Unlawful Detainer" by artful pleadings in State Court.

8. A well-pleaded complaint is shown at least where the Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 954-55 (9th Cir. 2009); *Empire Healthcare Assurance v. McVeigh* 547 US 677, 689-690 (2006); *Franchise Tax Bd. v. Const. Laborers Vacation Trust for S. Cal.* 463 US 1, 12, 27-28 (1983). Here, the complaint is based upon the PTFA, but it was brought in Superior

COMPLAINT REMOVING TO FEDERAL COURT- 3

, and misnomered "Unlawful Detainer."

9. Even where the cause of action is based on state law, the district court has subject matter jurisdiction over the case if
   (1) the federal issues are essential to the claims,
   (2) there is a substantial federal issue in resolving such issues, and
   (3) a Federal forum may entertain the state law claims without disturbing the balance of federal and state judicial responsibilities. *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005). Here, the PTFA is essential to the right of possession, Congress passed the PTFA to express its substantial interest in such issues, and the "balance" of judicial responsibilities will not be disturbed.

10. Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept. of Health and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the complaint attempts to state a cause of action in PTFA ejectment, and cannot state a cause of action in State unlawful detainer. The PTFA is that substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal question of law. The plaintiff cannot defeat removal by omitting necessary federal questions in the Complaint.

11. To be a federal cause of action, there must also be a private right of action. *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the "rights creating" language and statutory structure within which it is contained. *Lamie v. United States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to

Case 2:24-cv-01369-SPG-SK   Document 1   Filed 02/20/24   Page 5 of 12   Page ID #:5

create a right without a remedy. *First Pacific Bancorp, Inc v. Helfer*, 224 F.3d 1117, 1123, 1125-26 (9th Cir. 2000).

12. The four criteria of *Cort V. Ash* 422 US 66 (1975) are satisfied:

    a. Defendant ALVARO BRAVO is a member of a protected class for whom the statue, the "Protecting Tenants at Foreclosure Act" was created.

    b. The rights-creating language of the PTFA, its context, and the legislative history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836 (2004), 9th Cir) are underscored by i. The language of the PTFA, particularly 702(a), ii. The lack of any other specified enforcement mechanism [*First Pacific Bancorp inc. v. Helfer* 224 Fed 3d 1117m 1123 (200, 9th Cir.); *Williams v. United Airlines, Inc* 500 Fed 3d, 1019, 1024 (9th, 2007)], and iii. The legislative history.

    c. The cause of action is consistent with the underlying purpose of the law: balancing the rights of the parties.

    d. The "traditional status" of evictions as a state cause of action is the weakest of the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F. 3d 1117, 1127 (9th Cir. 2000)], particularly intended to occupy the field and break tradition, with a bold new law intended to protect tenants whose landlords did not use the rent money to pay the mortgage, in a distressed economy, under the Supremacy Clause.

13. The PTFA is not a defense, but the entire basis for the action to eject a bona fide residential tenant of a foreclosed landlord. Even without any defense of the PTFA being raised, Plaintiff cannot state a cause of action to remove such a tenant

COMPLAINT REMOVING TO FEDERAL COURT- 5

without framing the prima facie case in the language of the PTFA. The notice purports to comply with the PTFA, and without the reference to the 90-day notice required by the PTFA, Plaintiff would be unable to evict any such tenant.

14. The federal cause of action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court.

**Removed Action**

15. The notice of removal is timely under Section 1446 (b) of Title 28 of the United States Code because it is filed within 30 days of discovering that the case was ripe for removal.

16. A true and correct copy of the State Court Complaint of the action, Defendant's Pre-Judgment Claim of Right to Possession and related documents, sought to be removed to this Court are attached hereto and incorporated herein by reference.

17. Defendant, ALVARO BRAVO is bona fide residential tenant of a foreclosed landlord, entitled to the protection of the PTFA, and entitled to remove this action to Federal Court.

18. Under California code of Civil Procedure 430.90, the state trial court hereby loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if at all, until and unless this action is remanded to the state Court, after which jurisdiction will again attach as described in that statue.

Date: 2/20/2024

_____
ALVARO BRAVO, IN PRO PER

By Fax

COMPLAINT REMOVING TO FEDERAL COURT- 6

# Exhibit "A"

# SUMMONS—EVICTION
## (CITACIÓN JUDICIAL—DESALOJO)
### UNLAWFUL DETAINER / FORCIBLE DETAINER / FORCIBLE ENTRY
*(RETENCIÓN ILÍCITA DE UN INMUEBLE / RETENCIÓN FORZOSA / ENTRADA FORZOSA)*

**SUM-130**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Bianca M. Smith and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
1718 LAS PALMAS, LLC, d/b/a ARCHER APARTMENTS

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/22/2023 3:14 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Johnson, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.

A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association.

*¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en este tribunal y hacer que se entregue una copia al demandante.*

*Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local.*

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*EXENCIÓN DE CUOTAS: Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso.*

1. The name and address of the court is:
   *(El nombre y dirección de la corte es):*
   Los Angeles Superior Court, 111 N. Hill St., Los Angeles, CA 90012

   **CASE NUMBER** *(número de caso):*
   **23STUD10885**

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
   Jason Cha - 3470 Wilshire Blvd., Suite 700, Los Angeles, CA 90010 - (213) 232-1637

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. January 1, 2023]

**SUMMONS—EVICTION**
(Unlawful Detainer / Forcible Detainer / Forcible Entry)

Page 1 of 2
Code of Civil Procedure, §§ 412.20, 415.45, 1167
www.courts.ca.gov

|  |  |
|---|---|
| PLAINTIFF (Name): 1718 LAS PALMAS, LLC, d/b/a ARCHER APARTMENTS | SUM-130 |
| DEFENDANT (Name): Bianca M. Smith and DOES 1 to 10 | CASE NUMBER: 23STUD10885 |

3. **(Must be answered in all cases)** An **unlawful detainer assistant** (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 4 below.)*

4. **Unlawful detainer assistant** *(complete if plaintiff has received any help or advice for pay from an unlawful detainer assistant):*

   a. Assistant's name:
   b. Telephone no.:
   c. Street address, city, and zip:

   d. County of registration:
   e. Registration no.:
   f. Registration expires on *(date)*:

David W. Slayton, Executive Officer/Clerk of Court

Date: 08/22/2023 (Fecha)   Clerk, by (Secretario) D. Johnson , Deputy (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons (form POS-010).)*

[SEAL]

5. **NOTICE TO THE PERSON SERVED:** You are served
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify):*
   c. [ ] as an occupant.
   d. [ ] on behalf of *(specify):*
      under: [ ] CCP 416.10 (corporation).    [ ] CCP 416.60 (minor).
             [ ] CCP 416.20 (defunct corporation).  [ ] CCP 416.70 (conservatee).
             [ ] CCP 416.40 (association or partnership). [ ] CCP 416.90 (authorized person).
             [ ] CCP 415.46 (occupant).   [ ] other *(specify):*
   e. [ ] by personal delivery on *(date):*

SUM-130 [Rev. January 1, 2023]
**SUMMONS—EVICTION**
(Unlawful Detainer / Forcible Detainer / Forcible Entry)
Page 2 of 2

Jason Cha [SB#119626]
Jamison Services, Inc.
3470 Wilshire Blvd., Suite 700
Los Angeles, CA 90010
(213) 365-5000
(213) 232-1637 [Direct]
jasoncha@jamisonservices.com

Attorney for Plaintiff
1718 LAS PALMAS, LLC, d/b/a
ARCHER APARTMENTS

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/22/2023 3:14 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Johnson, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| 1718 LAS PALMAS, LLC, d/b/a ARCHER APARTMENTS,<br><br>Plaintiff,<br><br>vs.<br><br>BIANCA M. SMITH and DOES 1 to 10,<br><br>Defendants. | Case No.: 23STUD10885<br><br>COMPLAINT - UNLAWFUL DETAINER<br><br>[Demand Over $10,000] |

Plaintiff alleges:

1. Plaintiff is and at all times herein mentioned was a limited liability company, duly organized, existing and operating under the laws of the State of California, with its principal place of business located within the City of Los Angeles, County of Los Angeles, California.

2. Defendants BIANCA M. SMITH and DOES 1 to 10 are in possession of the premises located at 1718 N. Las Palmas Ave., Unit 225, Los Angeles, CA 90028 (hereinafter referred to as the "Leased Premises").

3. Plaintiff's interest in the Leased Premises is as the owner.

1

4. The true names and capacities of Defendants sued as Does are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will amend the complaint to allege the true names and capacities of the Doe Defendants when they are ascertained. Plaintiff is informed, believes and thereon alleges that each of the Doe Defendants claims a right to possession of the Leased Premises against Plaintiff.

5. On or about August 17, 2021, Defendants entered into a written lease agreement with 1718 Las Palmas, LLC, d/b/a Archer Apartments, for the lease of the Leased Premises from August 19, 2021 to August 18, 2022. A copy of the relevant portions of the written lease is attached hereto as Exhibit "A" and incorporated by reference.

6. After the expiration of the lease term, Defendant remains in possession of the Leased Premises on a month-to-month basis. By a 30-Day Notice to Change the Terms of Your Rental Agreement dated April 1, 2022 ("Change of Terms"), the monthly rental rate became $3,259.10 per month. A copy of the Change of Terms is attached hereto as Exhibit "B" and incorporated by reference.

7. On or about August 19, 2021, Defendants entered into possession of the Leased Premises pursuant to the written lease agreement, and have enjoyed uninterrupted possession to date.

8. On August 11, 2023, Plaintiff caused to be served on Defendants a Three Day Notice to Pay or Quit. A copy of the Three-Day Notice and Proof of Service is attached hereto as Exhibit "C" and incorporated by reference.

9. The period stated in the notice expired, and Defendants have failed to timely comply with the requirements of the notice. All facts stated in the notice are true. Plaintiff is entitled to an immediate possession of the Leased Premises.

10. At the time of the service of the Notice, the past due rent was $16,295.50.

11. The reasonable rental value of the Leased Premises is $108.63 per day, and the damages to Plaintiff proximately caused by Defendants' unlawful detention will accrue at that rate beginning on September 1, 2023 and continue to accrue at that rate so long as Defendants remain in possession of the Leased Premises.

COMPLAINT – UNLAWFUL DETAINER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For possession of the Leased Premises;
2. For damages for unlawful detention of the leased premises in the amount of $16,295.50 plus $108.63 per day from September 1, 2023, until the entry of judgment.
3. For reasonable attorney's fees of not less than $750.00;
4. For costs of suit incurred herein of not less than $295.00; and
5. For such other and further relief as the Court may deem just and proper.

DATED: August 22, 2023

JASON CHA
Attorney for Plaintiff

3

COMPLAINT – UNLAWFUL DETAINER